## No. 747.

### D. B. MARTIN VS. H. H. FOY.

Where the facts are stated in the petition and the usual allegations are made therein, it is sufficient that the affidavit shall be of the truth of these facts and allegations without again reciting them. It is not necessary that the facts or circumstances, which have induced the apprehension that the defendant would conceal, part with, etc. shall be recited in either the petition or affidavit.

When a planter obtains supplies from a factor, without which he could not make a crop, his duty is to send that crop to the factor for sale, and his interest is not to talk and act as if he were preparing to divert it from its legal destination, for if he does thus

Martin *vs.* Foy.

talk and act, he inevitably induces the apprehension that he is about to do what the law says he shall not do, and a sequestration of his crop made under those circumstances is legal and will be maintained.

APPEAL from the District Court for Caddo. BOARMAN, J.

*Seay* and *Blanchard* for Plaintiff. *Hicks & Hicks* for Defendant.

MANNING, C. J. The plaintiff sued upon an account for supplies furnished to the defendant in making his crop, and provoked the issuance of a writ of sequestration, under which the crop, or a part thereof, was seized.

The defendant moved to dissolve the sequestration because the affidavit was untrue in this, that plaintiff had no lien or privilege, and that defendant was not about to part with, etc., and the plaintiff had no cause to fear that defendant would part with, etc., and because plaintiff did not state in his affidavit the facts which induced his apprehension, and the affidavit is insufficient in form and substance.

The affidavit is that " all the facts charged in the above petition and allegations made therein are true." The allegation is that " he has reason to fear, and does fear, that Foy will conceal, part with, or dispose of the said crop in his possession during the pendency of this suit." This complies with the requirements of the code.

The existence of the privilege is shown by the written acknowledgment of Foy duly recorded.

The recital of the facts or circumstances which have induced the apprehension, the existence of which is sworn to, is not necessary to be made in the affidavit or in the petition. Carter *v.* Lewis, 15 Ann. 574.

The testimony of the plaintiff and the defendant on the trial, like their allegations in the pleadings, is contradictory. The plaintiff had agreed to furnish supplies to the extent of six hundred dollars, and, as usual, the account had run up to nearly double the sum agreed on. After the delivery and sale of some cotton, Foy was dissatisfied with the price at which plaintiff sold it, and wrote him a short and abrupt letter complaining about it. The plaintiff had demanded a settlement from Foy, and not obtaining it, had sent his clerk afterwards to the defendant's farm to effect it. None was made. Meanwhile Foy was negotiating to send his cotton to

another factor. He says this was with the proviso, that Martin was willing.

When a planter obtains supplies from a factor, without which he could not make a crop, his duty is to send that crop to the factor for sale, and his interest is not to talk and act, as if he were preparing to divert it from its legal destination, for if he does thus talk and act, as the defendant did in this case, he inevitably induces the apprehension that he is about to do what the law says he shall not do, and the conseqences of that apprehension is a sequestration.

*Judgment reversed, the sequestration reinstated, and case remanded.*